

FILED & ENTERED

MAY 17 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Alexander Sasha Pericic Nejic, Debtor. | Case No.:  2:17-bk-11653-ER<br>Chapter:   7<br><br>**MEMORANDUM OF DECISION DENYING DEBTOR'S MOTION FOR REDEMPTION UNDER 11 U.S.C. § 722**<br><br>[No hearing required pursuant to Federal Rules of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

    At issue is whether a debtor may claim a right to redemption under 11 U.S.C. § 722 after termination of the automatic stay under § 362. The Court holds that the answer is no.

**I.     Facts**

    Alexander Sasha Pericic Nejic ("Debtor") filed a voluntary chapter 7 petition in pro se on February 10, 2017. Doc. No. 1. The Debtor's monthly income listed on the Petition is $0 and the Debtor's monthly expenses and monthly net income are negative ($7,412.00). *Id.* at 23-27. The Petition indicated secured debt for a 2013 Mercedes-Benz G550 ("Property") held by Mercedes-Benz Financial Services ("Creditor") in the amount of $113,330.70. *Id.* at 11. The Debtor's Official Form 108 ("Form 108") stated that the Debtor intended to surrender the Property. Doc. No. 1-1 at 8. The Debtor did not claim the Property exempt under Schedule C and the Debtor's Form 108 affirms the Debtor's omitted exemption as to the Property. Doc. No. 1 at 10, Doc. No. 1-1 at 8. The Debtor also applied for, and the Court subsequently granted, an application to have

the chapter 7 filing fee waived. Doc. No. 10. The § 341(a) meeting of the creditors was held on March 20, 2017.

On March 17, 2017, the Creditor filed a motion seeking relief from the automatic stay ("Stay-Relief Motion") as to the Property. Doc. No. 12. The Debtor filed an opposition to the Stay-Relief Motion ("Opposition"), arguing that the Debtor intended to establish a reaffirmation agreement with the Creditor. Doc. No. 15. The Opposition did not contain an intention to redeem the Property under 11 U.S.C. § 722. The Creditor's reply to the Opposition stated that the Creditor declined the Debtor's reaffirmation request. Doc. No. 16. The Court held a hearing on the Stay-Relief Motion on April 17, 2017, and subsequently granted the Creditor's request under 11 U.S.C. §§ 361(d)(1) and (2), terminating the automatic stay so as to allow the Creditor to repossess the Property under applicable law. Doc. No. 20.

On April 20, 2017, the Debtor filed an amended Form 108, stating an intention to redeem the Property. Doc. No. 19. On May 5, 2017, the Debtor filed a motion for redemption under § 722 ("Motion"). Doc. No. 22. The Debtor intends to redeem the Property and argues that the redemption value of the Property is no more than $53,500, due to needed repairs. The Motion requests the Court to require the Creditor to accept a lump sum payment of $44,700 from the Debtor pursuant to the Debtor's right to redeem under § 722. The Motion does not include notice, a hearing date, or a procedural attempt to set the matter under Local Bankruptcy Rule 9013-1(o). For the reasons stated below, the Court DENIES the Motion.

**II.    Findings of Fact and Conclusions of Law**

Bankruptcy Code Section 722 provides:

> An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debtor, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien in full at the time of redemption.

Section 362(a) provides a stay, applicable to all entities, including "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). Section 362(d) provides creditors or interested parties with a mechanism to seek relief from the automatic stay. 11 U.S.C. §§ 362(d)(1) (for cause), (2) (no equity and the property is not necessary to an effective reorganization), (3) (single asset real estate), and (4) (an intent to delay, hinder, or defraud creditors). Here, the Creditor sought relief from the automatic stay on March 17, 2017, and the Court entered an order granting stay-relief as to the Property on April 25, 2017, pursuant to §§ 362(d)(1) & (2). Doc. Nos. 12, 20. The Debtor filed an amended Form 108 on April 20, 2017, indicating for the first time an intention to redeem the Property under section 722. Doc. No. 19.

Section 521(a)(2)(A) requires the debtor to file a statement of intention within thirty (30) days from the petition date. Section 521(a)(2)(B) requires that the debtor perform the stated intention within thirty (30) days after the meeting of creditors, further stating that "except nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h)." 11 U.S.C. § 521(2)(B). Section 362(h) terminates the automatic with respect to the personal property at issue, rendering the property no longer property of the estate, if the debtor fails to

comply with either sections 521(a)(2)(A) or (B). Here, the Debtor failed to file the amended Form 108 until April 20, 2017, well after the date of the thirty-day deadline of the petition and the thirty day deadline from the § 341(a) creditors' meeting.

Section 521(a)(6) provides, in pertinent part, the following:

> (a) The debtor shall –
>> (6) in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either –
>>> (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
>>> (B) redeems such property from the security interest pursuant to section 722.
>
> If the debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate…

Here, the Debtor filed the Motion on May 5, 2017, forty-six (46) days after the initial creditors' meeting took place. Therefore, there is no doubt that the automatic stay terminated as to the Property.

Yet, the issue remains as to whether the Debtor's right to redemption under section 722 continues after termination of the automatic stay. There is no code section or rule that explicitly imposes a termination deadline for a debtor's right to redemption. *See* 11 U.S.C. § 722, Fed. R. Bankr. P. 1009. "In the bankruptcy context, it is generally recognized that, in the absence of any specified deadline, the administrative closing of a bankruptcy case will constitute the outside limit for commencing an action. 11 U.S.C. § 350(a)." *In re Buck*, 331 B.R. 322, 324 (Bankr.N.D.Ohio 2005).

As such, there exists a spilt authority as to whether a debtor's right to redemption continues after the termination of the automatic stay. On the one hand, courts interpret section 521(a)(2) as evidence that the debtor retains a right to redeem property under section 722 because of the statutory language prohibiting modification of the debtor's rights as to the subject property. *In re Militante*, Bankr. LEXIS 686 (U.S. Bankr. N.D. Cal. Feb. 6, 2009) (ruling that a debtor's right to redeem continues after the termination of the automatic stay); *In re Thompson*, 538 B.R. 410, 414 (Bankr. E.D. Tenn. 2015) (the right to redeem exists irrespective of the stay).

On the other hand, the case *In re Buck*, 331 B.R. 322, 325 (Bankr. N.D. Ohio 2005) reasoned that the purpose of a debtor's right to redemption in the bankruptcy context was to "counteract creditor threats of repossession, which often allows the secured creditor to extract more from the debtor than if it had simply repossessed or foreclosed on the property." *In re Buck*, 331 B.R at 325 (citing *In re Podnar*, 307 B.R. 667, 672 (Bankr. W.D. Mo. 2003)). With this context in mind, the purpose of redemption is "not appreciably furthered once the stay has been relieved." *In re Buck*, 331 B.R. at 325.

The Court finds the reasoning of *In re Buck*, 331 B.R. more persuasive. To allow the Debtor an opportunity to redeem the Property under section 722, after the Court previously ordered the automatic stay terminated, pursuant to appropriate notice and hearing by the Creditor, would not only allow the Debtor another bite at the apple, but disrupt the Creditor's

legally entitled right under applicable non-bankruptcy proceedings. A creditor's right to pursue a debtor's property "would be severely constrained if, at any time, a debtor could again, by asserting their desire to redeem the encumbered property, employ the bankruptcy process so as stop the collection effort processing effect, giving the debtor a second bite at the apple." *In re Buck*, 331 B.R at 325. How might a court fashion injunctive relief or adjudicate damages, if the Creditor was legally entitled to regain possession of the Property and dispose of it? The effect would be impracticable and nonsensible. Therefore, the Court finds that the Debtor's right to redemption under section 722 expired with the termination of the automatic stay.

The Court is also highly dubious of the Debtor's ability to pay. The Debtor listed a monthly net income of negative ($7,412.00). The Debtor even applied for and obtained a fee waiver for the Petition's filing fee from the Court because, in part, the Debtor had "no secure job prospects and no income presently." Doc. Nos. 7 & 10. The Motion fails to attach any evidence stating otherwise, other than the vague, unsupported statement that "arrangements have been made by the Debtor to pay [the Creditor]." Motion at 3.

Further, the Motion fails to attach any notice, set a hearing date, or set the matter under negative notice pursuant to LBR 9013-1(o).

Therefore, based on the foregoing, the Debtor's Motion is DENIED.

###

Date: May 17, 2017

Ernest M. Robles
United States Bankruptcy Judge